Oaklev, J.
The first and second counts of the declaration,
in this case, are substantially alike; and set forth, that the defendant, on the 5th of December, 1827, in consideration that the plaintiff would sell and deliver to one Scovell, a certain quantity of goods, &c., promised the plaintiff to guaranty to him the payment of certain promissory notes, made by the said Scovell to the plaintiff, bearing date on that day. The delivery of the goods to Scovell, on the faith of the defendant’s promise, is set forth, with the proper averments, showing a breach of the promise, on the part of the defendant. To these counts, the defendant has pleaded, separately, that the said promise of the defendant was a special promise, to answer for the debt of Scovell; and that no agreement, in relation to it, in writing, wherein the consideration for such promise was shown, was ever signed by the defendant, or by any person authorised by him. The plaintiff replies, setting forth the written agreement, signed by the defendant, dated the 5th of December, 1827.
The replications then aver, that the consideration of the defendant’s promise, set forth in the 1st and 2d counts of the declaration, is expressed in the said agreement, and that the same is signed by him. To these replications, there is a separate and general demurrer. The question arising on this written guaranty, has been before us, in another action between these parties. The declaration, in that case, contained two counts, like those now under consideration. On the trial of the cause under the general issue, the plaintiff having proved the guaranty, the defendant demurred to the evidence, and we held that it did not support the declaration. We thought that the consideration of “value received” expressed in the copies of the notes, contained in the guaranty, might, on the authority of the case of Leonard v. Vredenburgh, [ 8 J. R. 29, ] be held to be the consideration for the guaranty itself, but that it did not appear to be the same consideration alluded to in the declaration; and w.e also held, that the plaintiff *653 might shew, by parol proof, that the notes of Scovell, and the guaranty of the defendant, were, in truth, one original transaclion, and were both entered into upon the same consideration,, to-wit: the sale of the goods, &c. by the plaintiff to Scovell.
Applying the principles of that decision to the present case, E think that the plaintiff, to support his 1st and 2d counts, ought to show, in pleading, what, in that case, we held him bound: to-show in evidence. After setting out the written promise of the defendant, he should have averred, in substance, that the consideration of the promise, was, the sale of the goods, &c. to Scovell, and that the defendant’s guaranty, and the notes of Scovell were made at the same time, and constituted parts of the same agreement, in pursuance of which, the plaintiff parted with his property, and that averment he might support, on the trial, by parol proof.
The replications to the first and second pleas of the defendant, do not, therefore, in my judgment, support the first and second ■counts in the plaintiff’s declaration, and there must be judgment for the defendant on the demurrer to these replications.
The third count of the declaration states, that Scovell, on the 5th of December, 1827, made three promissory notes to the plaintiff, (setting them forth particularly,) and that the defendant, in consideration of value received by the said Scovell, and him, the defendant,” promised the plaintiff to guaranty the payment of the notes, with the necessary averments as to the breach of the guaranty. The fourth count states, that in consideration of value received “by Scovell and the defendant,” for which Scovell made his promissory note to the plaintiff, (setting it forth,) the defendant promised to guaranty the payment of the note to the plaintiff. To these counts there are the same pleas, replications, and demurrers, as to the two first counts.
The third and fourth counts are substantially the same. The replications set forth a written promise of the defendant, signed by him, containing copies of the notes, to which the guaranty applies, and in which the notes are expressed to be for “value re- “ ceived.” In the case of Leonard v. Vredenburgh, the guaranty of the defendant was in the same form with that in the present *654 case. A note expressed to be for “ value received,” was first signed by Johnson, and underneath was written the guaranty of Vredenburgh which contained no new or other consideration. In that case, the court say, that “ Johnson’s note given for value 6t recejve¿]) anc]3 0f course, imputing a consideration on its face, “ was all-the consideration requisite to be shown;” and the Chief Justice adds, “ if it was all one transaction,, the value received was evidence of a consideration, embracing both the promises: “ the writing imputed, upon the face of it, one original and entire “ transaction for a guaranty of a contract, and implies ex vi termini, that it was a concurrent act, and part of the original agree- “ merit.”'
It.is supposed by the plaintiff’s counsel, that the present case falls within the principles here laid down. I am inclined to think that it does not. The guaranty here, after setting forth copies of the notes, goes on to say, that in pursuance of the understanding and agreement- between the plaintiff and Scovell, the defendant stipulates to pay the notes, if S. does not. The guaranty, in terms, refers to some consideration arising out of the agreement between S. and the defendant, and excludes the inference, (which, perhaps, might otherwise be drawn,) that the ' value received, expressed .in the copies of the notes, was the consideration on which the defendant’s contract actually rested. If this be so, then the replications do not support the averments in the third and fourth counts of the declaration. The consideration of the contract declared on, is that of value received by the defendant and Scovell. The contract set forth in the replication does not appear, with sufficient certainty, to rest on the same consideration, and the replication mtist be considered bad for that reason.

Judgment for the defendant on the demurrers, with have to the plaintiff to amend his replications, on payment of costs.

[H. and E. Wilkes, Att’ys for the plff. E. Anthon, Att’y for the deft.]